NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4356
_____

FENG CHEN,
                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A078 733 112)
Immigration Judge:  Honorable Daniel Meisner

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2012

Before:  RENDELL, VANASKIE, GARTH, Circuit Judges

(Opinion filed: May 17, 2012)
_____

OPINION
_____

PER CURIAM

Feng Chen, a native and citizen of China, petitions for review of an order of the

Board of Immigration Appeals ("BIA").  Because the BIA did not abuse its discretion in

denying her motion to reopen, we will deny the petition for review.

Chen entered the United States without inspection in 2003 and was placed in

removal proceedings several months later. She applied for asylum and related relief based on her allegation that she had suffered a forced abortion in China and that she feared persecution because she had two U.S.-born children in violation of Chinese population policies. An Immigration Judge denied her application, and on March 24, 2006, the BIA dismissed the appeal, upholding the Immigration Judge's decision.

Chen filed a motion to reopen on May 9, 2011. The motion was based on her allegation that she had become a Jehovah's Witness, and her allegation of changed country conditions in China (increased persecution of Christians) since her last hearing. The BIA denied the motion, finding that it was untimely and did not meet an exception to the time limits. The BIA further declined to exercise its authority to reopen proceedings sua sponte. Chen filed a timely petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252 to review the BIA's denial of Chen's motion to reopen, and we apply the abuse of discretion standard to our review. See Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002). Under that standard, Chen must show that the BIA's decision was somehow arbitrary, irrational, or contrary to law. See id. Motions to reopen are reserved for only "compelling circumstances." See Guo v. Ashcroft, 386 F.3d 556, 561 (3d Cir. 2004).

There is no dispute that Chen's motion to reopen was untimely, as it was not filed with the BIA within ninety days of the BIA's 2006 decision. See 8 U.S.C. §§ 1229a(c)(7) (C)(i); 8 C.F.R. § 1003.2(c)(2). However, the ninety-day requirement does not apply to motions that rely on evidence of "changed circumstances arising in the

2

country of nationality . . . if such evidence is material and was not available and would not have been discovered or presented at the previous hearing." 8 U.S.C. §§ 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here, Chen would have to show that she is eligible to file a second asylum application in reopened proceedings based on her new Christian faith and on changed country conditions since the time of her first asylum hearing. See Filja v. Gonzales, 447 F.3d 241, 252 (3d Cir. 2006) (change in country conditions is measured from time of proceedings before immigration judge). We have recognized that an alien who has been ordered removed can file an untimely or successive asylum application based on changed personal conditions if the alien can also show changed country conditions in the motion to reopen. See Liu v. Att'y Gen., 555 F.3d 145, 150 (3d Cir. 2009).

Chen contends that the BIA did not meaningfully consider the evidence she presented in denying her motion to reopen. As we have acknowledged, the BIA is required to consider the evidence of changed country conditions presented by a party, but it need not "parse or refute on the record each individual . . . piece of evidence offered by the petitioner." Nevertheless, it "should provide us with more than cursory, summary or conclusory statements, so that we are able to discern its reasons for declining to afford relief to a petitioner." Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008) (quoting Wang v. BIA, 437 F.3d 270, 275 (2d Cir. 2006)). The BIA noted here that it had compared the exhibits submitted with the motion to reopen at tabs O-OO (A.R. 88-285—comprised of all of Chen's exhibits on country conditions) with Exhibit 4 from the

3

previous proceedings (A.R. 444-48--U.S. Department of State's June 2004 Profile of Asylum Claims and Country Conditions for China), and found that the newly-submitted evidence did "not reflect a material change in circumstances, but rather a continuation of past practices in China." A.R. 3.

We believe the operative word here is "material." While the record evidence might support a finding that conditions regarding religious persecution have changed in some respects in some parts of the country since Chen's hearing before the Immigration Judge, Chen does not explain how the evidence she presented is material to her situation. None of the background evidence refers to the treatment of Jehovah's Witnesses in China, nor is there record support for her contention that her religion is classified as a "cult" by the Chinese government. Further, we agree with the BIA that the personalized information she included does not establish that it is likely that she will be persecuted in China. Chen's mother's unsworn letter simply states that she received a warning letter from the village committee, and that they will have to be more careful in avoiding being detected. A.R. 55. The notice from the village committee states that if Feng Chen does not "stop spreading cults . . . she will be subject to criminal sanctions and will face the consequences." A.R. 49. We do not agree with Chen's contention that the record compels a conclusion that the "criminal sanctions" will be detention, and that her treatment in such detention will constitute persecution.

Because Chen did not present material evidence of changed country conditions, the BIA did not abuse its discretion in denying her motion to reopen.